1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   MARCO HUDSON,                          1:10-cv-00125-AWI-SMS (HC)

10                    Petitioner,          FINDINGS AND RECOMMENDATION
                                           REGARDING RESPONDENT'S MOTION TO
11          v.                             DISMISS

12                                         [Doc. 17]
    JAMES A. YATES,
13
                      Respondent.
14   _____/

15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18                                    RELEVANT HISTORY

19          On November 16, 2008, Petitioner's cellmate indicated that Hudson strangled him.

20   Petitioner admitted to prison officials that he "chocked [his cellmate] until he went unconscious"

21   to obtain a cell transfer.  Petition, Exhibit 7.  On January 17, 2009, Petitioner was found guilty of

     a rule violation for attempted homicide on an inmate.  Id.
22
            Petitioner appealed the disciplinary action through the administrative process on the
23
     ground that he was improperly denied witnesses at his hearing.  Petition, Exhibit 5.  Petitioner's
24
     administrative appeal was granted at the third level of review, and the disciplinary action was
25
     dismissed and ordered to be re-issued and re-heard in compliance with the applicable regulations
26
     permitting him to call witnesses.  Id.
27
            On November 11, 2009, the rules violation was reheard and Petitioner was allowed to call
28

1

1   witnesses. Petition, Exhibit 9.  He was again found guilty of the rules violation.  Id.

2       On March 10, 2009, Petitioner filed a state petition for writ of habeas corpus challenging

3   the January 17, 2009 disciplinary action in the Fresno County Superior Court.  (Exhibit 1, to

4   Respondent's Motion.)  The petition was denied on April 15, 2009, because Petitioner failed to

5   provide legible copies of the disciplinary hearing record.  (Exhibit 2, to Motion.)  On May 7,

6   2009, Petitioner filed a petition for writ of mandate in the California Court of Appeal, Fifth

7   Appellate District, which was summarily denied on May 15, 2009.  (Exhibits 3 & 4, to Motion.)

8       Petitioner then filed an original petition for writ of mandate in the California Supreme

9   Court, which was transferred back to the court of appeal.  (Exhibit 5, to Motion.)  The state

10  appellate court denied the second petition for writ of mandate on July 23, 2009.  (Exhibit 6, to

11  Motion.)  On August 21, 2009, Petitioner filed a petition for review in the California Supreme

12  Court, and the petition was denied on October 28, 2009.  (Exhibits 7 & 8, to Motion.)

13      Petitioner filed the instant petition for writ of habeas corpus on January 11, 2010 in the

14  United States District Court for the Central District of California.  (Court Doc. 1.)  The petition

15  was transferred to this Court on January 21, 2010.  (Court Doc. 3.)  Respondent filed the instant

16  motion to dismiss on April 20, 2010.  Petitioner filed an opposition on May 3, 2010.  (Court

17  Docs. 17, 19.)  Respondent filed a reply on May 10, 2010.  (Court Doc. 20.)

18                                DISCUSSION

19  A.    Procedural Grounds for Motion to Dismiss

20      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

21  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

22  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

23      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

24  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

25  the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

26  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

27  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

28  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

                                        2

(E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

Supp. at 1194 & n. 12.  The Court will review Respondent's motion to dismiss pursuant to its

authority under Rule 4.

B.      Exhaustion of State Court Remedies

        A petitioner who is in state custody and wishes to collaterally challenge his conviction by

a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

The exhaustion doctrine is based on comity to the state court and gives the state court the initial

opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

        A petitioner can satisfy the exhaustion requirement by providing the highest state court

with a full and fair opportunity to consider each claim before presenting it to the federal court.

Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a

federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court

violated his due process rights "he must say so, not only in federal court but in state court."

Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is

insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v.

Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance

that the "due process ramifications" of an argument might be "self-evident."); Gray v.

Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus

must include reference to a specific federal constitutional guarantee, as well as a statement of the

3

facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition, Petitioner contends that prison officials failed to comply with the governing state regulations, he was denied witnesses at this November 19, 2009 disciplinary hearing, and the disciplinary action was issued in retaliation of his First Amendment rights.

To the extent Petitioner seeks relief on the ground that prison officials failed to comply

with the governing state regulations, his claim is not cognizable via section 2254.  In order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  "[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989).

Furthermore, Petitioner's challenge that he was denied witnesses at his November 19, 2009 hearing and the rules violation was issued in retaliation in violation of his First Amendment rights are unexhausted.  As previously indicated, the disciplinary action initially imposed on January 17, 2009, was dismissed and ordered to be re-issued and re-heard.  Petitioner was again found guilty of the rules violation on November 11, 2009, and sanctions were imposed.

Petitioner filed the petition for writ in the California Supreme Court on August 21, 2009, which was denied on October 28, 2009-before the rules violation was re-issued and re-heard. Therefore, it is clear that Petitioner has not exhausted his challenges to the rules violation that resulted in the loss of custody credits, and the instant petition must be dismissed without prejudice.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Respondent's motion to dismiss be GRANTED; and

2.      The instant petition for writ of habeas corpus be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

1   Magistrate Judge's Findings and Recommendation."   Replies to the objections shall be served

2   and filed within fourteen (14) days after service of the objections.   The Court will then review the

3   Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).   The parties are advised that

4   failure to file objections within the specified time may waive the right to appeal the District

5   Court's order.   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6

7

8   IT IS SO ORDERED.

9   **Dated:    May 17, 2010**                         **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28